IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number 09-21472 |
| TERRI ANN YAWN | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| FIRST FRANKLIN FINANCIAL | ) | |
| | ) | |
| Objecting Creditor | ) | **FILED** |
| | ) | Samuel L. Kay, Clerk |
| v. | ) | United States Bankruptcy Court |
| | ) | Savannah, Georgia |
| TERRI ANN YAWN | ) | By camerson at 2:32 pm, Feb 05, 2010 |
| | ) | |
| Debtor | ) | |
| | ) | |
| and | ) | |
| | ) | |
| M. ELAINA MASSEY | ) | |
| | ) | |
| Chapter 13 Trustee | ) | |
| | ) | |
| Respondents | ) | |

**ORDER**

This matter comes before me on the Objection to Confirmation of Plan ("Objection") filed by Creditor First Franklin Financial. First Franklin objects to the Debtor's stated intention to utilize 11 U.S.C. § 522(f) to avoid First Franklin's lien against certain items ("Items") of property that the Debtor claims as exempt under § 44-13-100(a)(4) of the Official Code of Georgia

("O.C.G.A."). Since the Debtor can avoid the lien against some, but not all, of the Items under § 522(f)(1)(B), First Franklin's lien remains secured in the amount of $489. The Objection is sustained to that extent.

## BACKGROUND

On November 4, 2009, Debtor Terri Ann Yawn filed a voluntary chapter 13 petition. On Schedule C of that petition, she claimed $1,500 in household goods and furnishings as exempt pursuant to O.C.G.A. § 44-13-100(a)(4). (Dkt. No. 1 at 12.) In her chapter 13 plan, as amended, the Debtor proposes to avoid First Franklin's lien against certain "household goods" pursuant to 11 U.S.C. § 522(f). (Dkt. No. 34 at 2.)[1]

First Franklin objected to confirmation of the plan. (See Dkt. No. 20.) It claims a debt in the amount of $4,853.34 secured by lien against the Debtor's 1997 Dodge Avenger ("Car") and certain Items that the Debtor claims as exempt.[2] In the Objection, First Franklin claims that the lien is not avoidable as against some of the Items. (Id. at 1.) Attached to the proof of claim filed by First Franklin is a UCC Financing Statement

---

[1] The Debtor amended her plan after First Franklin filed its Objection (see Dkt. No. 34), but she still seeks to avoid the lien pursuant to § 522(f). Thus, the Objection remains ripe for decision.

[2] First Franklin has already been granted relief from the automatic stay in order to foreclose its lien on the Car. (See Dkt. No. 33.)

2

that describes the Items as follows: a 2005 Toshiba 24-inch television/VCR "combo" ("24-inch TV"), a 2004 JVC 32-inch flat-screen television ("32-inch TV"), a 2005 Craftsman self-propelled lawnmower ("Lawnmower"), a 2004 Canon Digital camera with accessories ("Camera"), a 2003 Gateway computer and monitor ("Computer"), and a 2004 Dell laptop computer ("Laptop"). (Cl. No. 4-1 at 4.)

At hearing on January 15, 2010, the Debtor testified that all of the Items except the Lawnmower were stolen from her home before the § 341 meeting of creditors. The Lawnmower was given to a repairman by the Debtor's ex-husband, and the Debtor was unsure who currently has possession of it.

Also at hearing, the Debtor testified as to the condition and value of the Items when they were last in her possession. She testified that: the 24-inch TV was purchased for $25; the 32-inch TV was a gift, and it was not functioning at the time it was stolen; the Lawnmower was not functioning at the time it was taken to a repairman; the Camera was given to the Debtor as a gift, and was valued at $89 new; and she was unsure of the value of the Computer and the Laptop, though she believed that the Laptop was worth approximately $1,000 at the time of purchase. Counsel for First Franklin stated that the loan documents signed by the Debtor listed the value of the Computer as $400 and the

3

Laptop as $800.[3] The Debtor testified that those values were set by First Franklin based on her description of those Items.

## DISCUSSION

Section 522(f) of the Bankruptcy Code allows a debtor to

> avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is
> . . .
> (B) a nonpossessory, nonpurchase-money security interest in any—
> > (i) . . . household goods . . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor . . . .

11 U.S.C. § 522(f)(1). The determination of whether a debtor may avoid a lien under § 522(f) involves a two-step analysis: first, the court must determine whether the debtor is entitled to the claimed exemption, and second, it must determine whether the lien impairs that exemption. <u>Miles v. First Family Fin. Servs. of Ga., Inc. (In re Miles)</u>, 1992 WL 12004377, at *1 (Bankr. S.D. Ga. Dec. 5, 1992).

I. **The Items are Household Goods under O.C.G.A. § 44-13-100.**

Georgia law allows debtors to exempt their interest of up to $300 of value in any particular item that is considered a

---

[3] The loan documents discussed at hearing were not introduced into evidence.

4

AO 72A
(Rev. 8/82)

household good and which is held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. O.C.G.A. § 44-13-100(a)(4). Although the term "household good" is not defined under Georgia law, I have previously concluded that that term encompasses the following:

> [I]tems of tangible personal property held primarily for personal or family use by the debtor or a dependent of the debtor in or about the household, excepting therefrom items held for investment purposes or items having a pecuniary value independent of their functional use.

Plummer v. Massey-Ferguson Credit Corp. (In re Plummer), 1988 WL 1019659, at *7 (Bankr. S.D. Ga. July 1, 1988).

All of the Items are household goods that may be exempted under § 44-13-100(a)(4). In earlier cases, I have considered whether property like some of the Items fit within the definition of a household good under Georgia law. In each case, I found the property to be exemptible. See Edwards v. Blazer Fin. Servs., Inc. (In re Edwards), 1996 WL 33402737, at *1 (Bankr. S.D. Ga. July 16, 1996) (four televisions and a video camera exempt under § 44-13-100(a)(4)); Blazer Fin. Servs., Inc. v. Hoffmeyer (In re Hoffmeyer), 1991 WL 11002460, at *3 (Bankr. S.D. Ga. Oct. 23, 1991) (two televisions, a video recorder, and a 35-milimeter camera exempt under § 44-13-100(a)(4)); Swainsboro Fin. Servs., Inc. v. Alexander (In re Alexander), 1991 WL 11002453, at *2 (Bankr. S.D. Ga. May 1, 1991) (two televisions and a John Deere

5

AO 72A
(Rev. 8/82)

riding lawn mower exempt under § 44-13-100(a)(4)). Therefore, I conclude that the 24-inch TV, the 32-inch TV, the Lawnmower, and the Camera are household goods that may be exempted pursuant to § 44-13-100(a)(4).

The Computer and the Laptop may also be exempted as household goods. I find that both items qualify as "items of tangible personal property held primarily for personal . . . use by the debtor . . . in or about the household." In re Plummer, 1988 WL 1019659, at *7; see also McLeod v. ITT Fin. Servs. (In re McLeod), No. 86-10160-ALB, 1986 WL 25465, at *1 (Bankr. M.D. Ga. Aug. 11, 1986) (computer used in household for family purposes exempt under § 44-13-100). Thus, pursuant to § 44-13-100(a)(4), the Debtor is entitled to an exemption of up to $300 for each of the Items.

### II. The Lien is Avoidable as Against Some of the Items Under 11 U.S.C. § 522(f).

Once it is determined that property may be exempted under nonbankruptcy law, a lien against that property may be avoided if it impairs the debtor's claimed exemption. 11 U.S.C. § 522(f)(1). A lien is deemed to impair an exemption if the sum of the following exceeds the value that the debtor's interest in the property would have in the absence of any liens: (i) the lien; (ii) all other liens on the property; and (iii) the amount

6

of the exemption that the debtor could claim if there were no liens on the property. 11 U.S.C. § 522(f)(2)(A).

Even if a lien impairs a debtor's exemption as to an item of property, the lien may not be avoided unless the item qualifies as a household good under § 522(f)(1)(B). For lien avoidance purposes under that section, the term "household goods" includes the list of categories set forth in § 522(f)(4). That section states, in pertinent part:

> (A) [T]he term "household goods" means—
> . . .
> (iii) appliances;
> . . .
> (v) 1 television;
> . . . and
> (xv) 1 personal computer and related equipment.
> (B) The term "household goods" does not include—
> . . .
> (v) a computer (except as otherwise provided for in this section) . . . .

11 U.S.C. § 522(f)(4)(A-B). Thus, even if First Franklin's lien impairs the Debtor's exemption as to each of the Items, the lien cannot be avoided against Items not included in § 522(f)(4)(A) or specifically excluded in § 522(f)(4)(B).

A. <u>The Debtor May Avoid First Franklin's Lien as Against the 24-inch TV, the Lawnmower, and the Laptop.</u>

At hearing, the Debtor testified that the 24-inch TV was purchased for $25. First Franklin did not refute that testimony, and I find it to be credible. Thus, since First Franklin's lien

7

impairs the Debtor's exemption of $25 under O.C.G.A. § 44-13-100(a)(4), and one television qualifies as a household good under § 522(f)(4)(A)(v), the lien is avoided as against the 24-inch TV pursuant to § 522(f)(1)(B).

First Franklin's lien against the Lawnmower may also be avoided. A lawnmower is an appliance, which qualifies as a household good pursuant to § 522(f)(4)(A)(iii). In re Zieg, 409 B.R. 917, 921 (Bankr. W.D. Mo. 2009). Although no evidence was introduced at hearing as to the value of the Lawnmower, the burden was on First Franklin to prove that the value of the property exceeded the Debtor's claimed exemption. See F.R.B.P. 4003(c); In re Maylin, 155 Br. 605, 614 (Bankr. D. Me. 1993) (once debtor establishes entitlement to an exemption, burden shifts to creditor challenging the exemption as part of a § 522(f) defense to prove the exemption claim is not proper). Since First Franklin produced no evidence to suggest that the exemption was improperly claimed, I find that the value of the Lawnmower was within the value of the Debtor's exemption under O.C.G.A. § 44-13-100(a)(4). Therefore, the lien may be avoided pursuant to § 522(f)(1)(B).

Finally, the Debtor may also avoid First Franklin's lien as against the Laptop. Although the Debtor believed the Laptop's actual value was higher, she confirmed that the value listed on

AO 72A
(Rev. 8/82)

the original loan documents that she provided to First Franklin was $800. Based on that testimony, I find the value of the Laptop to be $800. Since one personal computer qualifies as a household good under § 522(f)(4)(A)(xv), the Debtor may avoid First Franklin's lien as against the Laptop pursuant to § 522(f)(1)(B).[4]

B.  The Debtor May Not Avoid First Franklin's Lien as Against the 32-inch TV, the Camera, and the Computer.

The lien against the 32-inch TV, the Camera, and the Computer is not avoidable under § 522(f)(1)(B). Section 522(f)(4)(A) allows a debtor to avoid liens against only one television and one computer, and thus the lien remains secured against the value of the 32-inch TV and the Computer. Likewise, the Camera does not fit within any of the categories of household goods under § 522(f)(4)(A) and thus the lien remains secured against the value of the Camera. I find the Debtor's testimony as to the values of the 32-inch TV and the Camera to be credible; the 32-inch TV was not functioning and had no value, while the Camera was worth $89. The only evidence presented at hearing as

---

[4] It appears that the Debtor could have claimed an additional exemption of $500 against the Laptop under Georgia's "wildcard" exemption. See O.C.G.A. § 44-13-100(a)(6). On her Schedule C, however, she listed only the household goods exemption of § 44-13-100(a)(4), which is limited to $300 per item of property. Subject to the Debtor amending her Schedule C to exempt the Laptop to an additional $500 under § 44-13-100(a)(6), she may avoid First Franklin's lien in the full amount of the Laptop's value ($800).

9

to the value of the Computer was the $400 said to be listed on the original loan documents. I find that amount to be the value of the Computer. Therefore, First Franklin, by virtue of its unavoided lien against the foregoing Items, maintains a secured claim in the amount of $489 to the extent a deficiency remains after foreclosing the lien on the Car.[5]

## CONCLUSION

The Debtor may avoid all but $489 of First Franklin's lien against the Items pursuant to § 522(f)(1)(B). The Objection is **ORDERED SUSTAINED** to the extent that First Franklin retains a secured claim in the amount of $489 if and to the extent there remains a deficiency after its foreclosure against the Car. The Debtor shall have thirty (30) days from the date of this Order to file an amended Schedule C in order to claim an additional exemption against the Laptop pursuant to O.C.G.A. § 44-13-100(a)(6). If the Debtor fails to amend her Schedule C within that time period, First Franklin shall retain a secured claim in the amount of $989, assuming a deficiency exists. First Franklin must take the necessary steps to foreclose its lien on the Car within sixty (60) days of the date of this order pursuant to

---

[5] This result assumes that the Debtor will amend her Schedule C. See note 4, supra.

10

applicable nonbankruptcy law or be deemed to have taken the Car in full satisfaction of its debt.

                                             _____
                                             JOHN S. DALIS
                                             United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ____ day of February, 2010.

11